NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHER DIVISION at ASHLAND

CIVIL ACTION NO. 08-CV-109-HRW

JERRY INDUSTRIOUS                                                                                              PETITIONER

**MEMORANDUM OPINION AND ORDER**

E.K. CAULEY, *Warden*                                                                                      RESPONDENT

Jerry Industrious is currently incarcerated in the Federal Correctional Institution, which is located in Ashland, Kentucky ("FCI-Ashland). Industrious has filed a *pro se* petition for writ of habeas corpus [Record No. 1]. He has paid the $5.00 filing fee [*Id*.].

This matter is now before the Court for screening. 28 U.S.C. § 2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. § 1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

RESPONDENT

The respondent in this action is E. K. Cauley, the warden of FCI-Ashland.

CLAIMS

Jerry Industrious alleges that his 2000 federal conviction for firearm possession violates the Second Amendment of the United States Constitution, which guarantees the right to bear arms, and the Fifth Amendment of the United States of America, which guarantees the right to due process of law.

ALLEGATIONS OF THE § PETITION
1. Industrious' Conviction and Appeal

In March of 2000, in the United District Court for the Middle District of North Carolina, Durham Division ("the Trial Court"), Jerry Industrious pled guilty to one count each of possession of a firearm in furtherance of a drug trafficking offense and possession of a firearm by a convicted felon. *See United States of America v. Jerry Industrious*, 1:00-CR-00020 (Judge N.C. Tilly, presiding). Industrious then filed a motion to withdraw his guilty plea, but the Trial Court denied the motion [*See Id.*, Record No. 21].

The Trial Court sentenced Industrious to a 180-month term of imprisonment [*Id.*, Record No. 30]. Industrious appealed, alleging that the Trial Court abused its discretion by denying his motion to withdraw his guilty plea. The Fourth Circuit Court of Appeals found no reversible error and affirmed the conviction. *See United States v. Jerry Industrious*, 22 Fed. Appx. 191, 2001 WL 1487715 (4th Cir. (N.C.), November 26, 2001) (Not selected for publication in the Federal Reporter) [*See also* Trial Court Record No. 38].

## 2. Industrious' Collateral Challenges to Conviction

On October 2, 2002, Industrious filed a motion in the Trial Court to vacate his sentence pursuant to 28 U.S.C. § 2255 [*See* Trial Court Record No. 43]. On October 17, 2003, Magistrate Judge Wallace W. Dixon filed a Report and Recommendation ("R & R"), in which he recommended that Industrious' motion to vacate, set aside or correct his sentence, and his request for an evidentiary hearing, be denied [*Id.*, No. 58]. On December 3, 2003, the Trial Court entered an Order adopting the Magistrate Judge's R & R and denied Industrious' § 2255 motion [*Id.*, No. 61]. The Trial Court declined to issue a Certificate of Appealability [*Id*; *See also*, Judgment, No. 62 ]. On February 17, 2004, Industrious appealed [*Id.*, No. 63].

On September 1, 2004, the Fourth Circuit Court of Appeals entered an Order dismissing the appeal and denying a Certificate of Appealability. *See United States v. Jerry Industrious*, 108 Fed. Appx. 108, 2004 WL 1941241 (4th Cir. (N.C.), September 1, 2004) (Not selected for publication in the Federal Reporter). Summarized, the Fourth Circuit determined that Industrious had not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

On October 11, 2005, Industrious filed a "Motion for Modification of Sentence" [*Id.*, No. 73]. On January 27, 2006, the Fourth Circuit Court of Appeals entered an Order denying Industrious' motion, under 28 U.S.C. § 2244, to file a successive habeas petition [*Id.*, No. 74]. On October 24, 2007, the Trial Court entered an Order and Judgment denying Industrious' motion for modification of his sentence under 18 U.S.C. § 3582(c)(2).[1]

---

[1] The Fourth Circuit stated in a half-page Order that after review of the record, it could

On November 2, 2007, Industrious appealed the Order denying his § 3582 motion [*Id.*, No. 78]. On April 29, 2008, the Fourth Circuit Court of Appeals entered an Order and Judgment affirming the Trial Court's denial of Industrious' § 3582 motion to modify his sentence [*Id.*, Nos. 82 and 83]. On August 6, 2008, the Fourth Circuit entered an Order denying Industrious' motion under 28 U.S.C. § 2244 to file a successive habeas petition [*Id.*, No. 74].

### 3. Claims Asserted in § 2241 Petition

Industrious filed this 28 U.S.C. § 2241 petition on August 29, 2008. In his § 2241 petition, Industrious challenges his conviction for being a felon in possession of a firearm. He argues that under the Second Amendment of the United States Constitution, he had an "individual"' right to keep and bear legal firearms for a lawful purpose and that any state or federal statute which impinges on that right is unconstitutional under the Second Amendment. He argues that his conviction also violates the Fifth Amendment of the United States Constitution affords due process of law.

Industrious further asserts that he is "actually innocent" of the offense of which he was convicted because the Second Amendment United States Constitution permits citizens to possess firearms. Industrious chiefly relies on a the case of *Parker v. District of Columbia*, 478 F.3d 370 (D.C. Cir. 2007). *Parker* held that the District of Columbia's statutory ban on carrying a pistol was unconstitutional under the Second Amendment, insofar as the statute could be interpreted to prohibit the keeping of a handgun in the home and preventing it from being moved throughout one's house. *Parker*, 378 F.3d at 400. The court further explained that such a

---

find no reversible error.

4

restriction would negate the lawful use upon which the right was premised, specifically self-defense. *Id*.

## DISCUSSION
### 1. § 2255 Remedy Not Inadequate

Petitioner Industrious is barred from using this Court's §2241 jurisdiction to challenge his criminal judgment rendered in the trial court, unless he can prove that his remedy by a §2255 motion to that court to vacate, alter, or amend the judgment is inadequate or ineffective to challenge the legality of his detention. *See* 28 U.S.C. §2255, ¶5; *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999); *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003).

A demonstration of the inadequacy and ineffectiveness of a prisoner's remedy via a §2255 motion to the trial court is a high one under *Charles* and *Martin*. Section 2241 is not a "catch all" remedy that may be invoked for simple convenience, *Charles*, 180 F.3d at 758 ; it is a narrow remedy available only to the rare habeas petitioner who can demonstrate that his Section 2255 remedy was truly "inadequate and ineffective." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).

The Section 2255 remedy is not rendered an "inadequate and ineffective" remedy where the prisoner missed an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law. *Charles*, 180 F. 3d at 756; *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002). Nor may it be used simply because the prisoner presented his claim in a prior post-conviction motion under Section 2255 and was denied relief. *Charles*, 180 F.3d 756-758. The remedy afforded under §2241 is not an additional, alternative, or supplemental remedy to that prescribed under §2255. *Id*. at 758.

Here, the Fourth Circuit affirmed Industrious' conviction for possession of a firearm in furtherance op a drug trafficking offense and for being a felon in possession of a firearm. Industrious pled guilty to both offenses. The appellate court determined that Industrious did not posses an absolute right to withdraw his guilty plea. *Industrious*, 2001 WL 1487715 at \*\*1. The fact that Industrious plead guilty in the Trial Court establishes he was neither factually nor legally innocent of the firearm possession offenses with which he was charged.

Second, the detailed history set forth in this Memorandum, Opinion and Order regarding Industrious' protracted efforts to obtain post-conviction relief demonstrates that Industrious did in fact have an adequate remedy under § 2255 in the Trial Court. Under *Charles* and *Martin*, the fact that Industrious was unsuccessful in his repeated efforts to challenge his firearm possession convictions under Second Amendment grounds, both in the Trial Court and in the Fourth Circuit, does not warrant this Court granting extraordinary relief under § 2241. Based on the record, the Court finds no basis for invoking relief under § 2241.

2. "Actual Innocence" Claim Without Merit

Second, even if the Court were to consider the merits of the petitioner's "actual innocence" argument, he would not prevail. In *Bousley v. United States*, 523 U.S. 614, 118 S. Ct. 1604 (1998), the Supreme Court explained that "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id*. 523 U.S. at 623. The Court continued, stating, "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. . . ." *Id.* at 623-24.

Again, given Industrious' guilty plea, and the Fourth Circuit's opinion affirming the Trial Court's refusal to allow Industrious to withdraw his guilty plea, his claim that he was "actually innocent" of the firearm possession offenses lacks merit.

Finally, the Court notes that the *Parker* decision concerned gun restriction laws and the unique legal status of the District of Columbia, as opposed to the status of "States." *See Parker*, 478 F.3d at 406 ("The Second Amendment's "character and aim" does not require that we treat the District as a State. The Amendment was drafted in response to the perceived threat to the "free[dom]" of the "State[s]" posed by a national standing army controlled by the federal government . . .. Accordingly, both the Supreme Court and this court have consistently held that several constitutional provisions explicitly referring to citizens of "States" do not apply to citizens of the District."). *Parker* does not assist Industrious in this § 2241 proceeding.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) Petitioner Jerry Industrious' petition for writ of habeas corpus [Record No. 1] is **DENIED**.

(2) This action shall be **DISMISSED WITH PREJUDICE**, *sua sponte*, from the docket of the Court.

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

This October 1, 2008.



Signed By:
Henry R Wilhoit Jr.
United States District Judge